Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
Melissa A. Vermillion, Esquire #241354
Bonni S. Mantovani, Esquire #106353
Anna Landa, Esquire #276607
Diana Torres-Brito, Esquire #163193
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
(818) 227-0637 (facsimile)
cmartin@pralc.com
Attorneys for Objecting Creditor Capital One N.A.
C.270-281.NF

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re | Bk. No. 17-50197 |
| Paul Fairfax Soares, | Chapter 13 |
| Debtor. | OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF |
| | Hearing - <br> Date: April 5, 2017 <br> Time: 11:00 AM <br> Place: U.S. Bankruptcy Court <br> 1000 S Main St. <br> Salinas, CA <br> Courtroom 214 |

Capital One N.A., its assignees and/or successors in interest,("Secured Creditor") holds a senior lien on the real property described as **416 Drake Avenue, Monterey, California** (the "Property"). The Property is the primary residence of Paul Fairfax Soares ("Debtor"). Secured Creditor hereby submits the following objections to the confirmation of that certain Chapter 13 Plan filed on February 12, 2017 as docket entry 8 (the "Plan") by Debtor:

1

## FAILURE OF PLAN TO REQUIRE THE MAINTENANCE OF THE CORRECT POST-PETITION MONTHLY PAYMENT

The Debtor's proposed Chapter 13 Plan treats Secured Creditor's claim in Class 2 instead of Class 1. The Plan fails to require the maintenance of the correct ongoing post-petition monthly payment as required by 11 U.S.C. §1322(b)(5). Debtor's Plan fails to provide the correct ongoing amount due of $4,566.36, including escrow.

## IMPROPER ATTEMPT TO MODIFY LOAN IN VIOLATION OF 1322(b)(2)

The proposed Chapter 13 Plan impermissibly attempts to modify Secured Creditor's claim by providing less than the correct amount owed on the ongoing and prepetition amounts of the secured claim. Pursuant to 11 U.S.C. Section 1322(b)(2), Secured Creditor's debt must be paid in full.

## LACK OF ADEQUATE FUNDING

The Plan is not adequately funded. 11 U.S.C. §1325(a)(5)(B)(ii) requires full payment of the allowed claim of this objecting Secured Creditor. The pre-petition arrears are approximately $40,000.00. Debtor has understated arrears in the Plan by thousands of dollars. Until there is sufficient evidence that this Plan is feasible, the plan must not be confirmed. The deadline to file proofs of claim is not until June 20, 2017 and Secured Creditor will file a claim timely. Accordingly, even if all payments are tendered pursuant to the Plan, they will not be sufficient to satisfy Secured Creditor's claim in full.

## FEASIBILITY

Debtor's Plan proposes that the Trustee make all payments on Secured Creditor's claim. The ongoing amount reflected in the Plan is substantially understated and does not reflect the provision that the interest rate is variable and the payments will not be fixed. The amount due will vary by the fluctuations in escrow and interest. The Plan does not appear to be feasible and the Debtor will fall further behind in light of the proposed mortgage payments which will not maintain the ongoing amount due nor cure the prepetition arrears that are required contractually.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the

objection specified above in order to be feasible and to provide adequate protection to this objecting Secured Creditor. It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtor, be denied unless the arrears are paid.

   WHEREFORE, secured creditor prays as follows:

  (1) That confirmation of the proposed Chapter 13 Plan be denied.

  (2) For such other relief as this Court deems proper.

Dated: March 14, 2017    Prober & Raphael, A Law Corporation

           By /s/ Bonni S. Mantovani
            Bonni S. Mantovani, Esquire #106353
           Attorney for Creditor
           Capital One, N.A.

## SPECIAL NOTICE

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael, ALC within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael, ALC will mail you a written verification of the obligations or judgment and the amounts owed to Capital One, N.A.. In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.